The fifth case for argument is United States v. Gabriel White Plume, Sr. Judge, I'm in front of you on three distinct facts today. My name is Mr. Rush, and I represent Gabriel White Plume, Sr. First, I argue that the district court erred in denying defendants' motion for a judgment of acquittal regarding count seven aggravated assault resulting in substantial bodily injury. Secondly, I argue that the United States or the district court erred in denying the defendants' motion for judgment of an acquittal on tampering with a witness. And thirdly, I'm arguing that counts two, three, and nine amounted to double jeopardy and that this court should consider overriding the Blackberger test. A short rendition of the facts are important in consideration of this case. On January 10, 2023, Gabriel White Plume, an individual by the name of Jumping Eagle, and CLS were drinking in his home in South Dakota. At about 7 o'clock or 7.30 that evening, the parties engaged in a threesome. And during the course of that threesome, my client was filming, and the other two individuals were engaged in sexual activity. At some point, my client was watching, and Mr. Jumping Eagle was digitally penetrating CLS, and at some point, it's alleged that he further digitally penetrated her with four of his fingers, causing a tear. She was taken to the hospital, and it was booked in as a gunshot wound that came in to tribal police. Ultimately, he was charged with two counts, tribal charges related to sexual assault by force, sexual undercourse, and sexual assault by force, oral sex. Now, what we do know is that neither of those two things happened. And we know that because the incident was being filmed by my client. So those two tribal charges, ultimately, he was acquitted of in count one, and in seeking to defend himself, we ended up picking up my second issue, which is tampering with a witness. Now, the United States argues that my client, in contacting CLS and in asking to have these charges dropped, corruptly persuaded CLS and should be, therefore, guilty of tampering with a witness. It's important to note that at the time that this occurred, there was not a no-contact order, that these were tribal charges. And in discussions between the two people, they had come to realize or admit that, in fact, he had not had sexual intercourse with her, and he had not given her oral sex. What they were talking about was the fact that she had been injured as a result of this. And so my client's contact, both through Facebook, through jail chirps, and by telephone calls in attempting to get her to drop the charges, were in an attempt to clear the record and have CLS go to the prosecutor. That's seen, and it will be referred to in the brief, in the fact of the discussion, it appears, from the United States' perspective, that they're trying to allege that he was giving her money. In tribal court, you're required to get $10 to drop, as a witness, a charge. And the discussion between the two of them was getting the money from the mother of my client to CLS to drop those two charges. Ultimately, it was picked up by the federal court, and then he was charged at that point, and a no-contact order was put into place. What we're arguing to the court is the standard is corruptly persuade, and there was no corrupt persuasion. Ultimately, the United States proceeded forward with count one, and he was acquitted of that charge. And his commands and his text messages and his desires were to have CLS contact the prosecutor and say what she had said was incorrect. Now, the statements that she had made were at the time that she was at the hospital, and fentanyl had been administered to her. I think there's very little dispute that that, the allegations that were initially proceeding on were not true. And so for him to clear the record is valid self-defense. The other issue in count, the issue number one has to do with... Actually, the jury found and acquitted my client of that charge. I'm talking about the federal jury. You're arguing insufficient evidence of tampering charge, right? Oh, they did find him guilty. That's correct on that charge. Okay. That's what matters for our standard of review. All conflicts and credibility decisions, we defer the jury. You do, except for a fact, except in this case, there was absolutely no evidence presented to the jury of any corrupt persuasion. And that's my argument. Well, that's what I want. That's why I asked you for your best case on that, reversing a jury verdict on this argument, based on this argument. It would probably be the Arthur Anderson case requiring that you have a showing of some type of corrupt persuasion, and we don't have that here. Now, as to issue one, and this is an important quote, issue one and issue three kind of correspond together. In a final pretrial, Judge Viken says, I'm a little concerned when I read the superseding indictment with nine counts, in which evidence applies to which count, because we don't want to get in a situation where you know, where we've got a jury convicting Mr. White Plume of multiple counts, where they pertain to one single prosecutable act. Throughout this case, we end up with these nine charges. And in the brief of the United States, they argue the tear to the perineum, bruises to her body, cigarette burns, all of these injuries, but count seven only applies to bruises that were on her body. Now, what we don't have anywhere in the testimony at trial is a doctor testifying that there was substantial disfigurement, when the bruises occurred, where the bruises occurred, how old the bruises were, whether they occurred while in Indian country. We have none of this information presented. We have a short one-line statement. Well, the video was presented, right? Correct. And the video shows conduct that could easily have caused the bruising performed by your client, right? The video that was presented shows an assault to her left hip. The injuries that were presented were to her right hip. You can see him hitting her, and then she rolls over. The biggest problem with this case was, and I think that's where the jury went astray, is even when you have attorneys writing the briefs, they're unable to determine which assault applies to which case of which charge. We have assault resulting in serious bodily injury in three, assault by strangulation in four, assault resulting in substantial bodily injury in seven, and in eight, assault resulting in serious bodily injury. And I would encourage you to look at the jury instructions that come from this case, because there's no specificity as to what act anybody is talking about occurring at what time. Leading into that argument on the jury instructions, there was a statement by the judge during the pretrial that we were concerned as to which ones applied to which, because they don't, it doesn't say that in the final pretrial, and the prosecutor came forth and said, well, this one applies to this, that one applies to that. But the jury instructions were standard jury instructions. And that gets back to the question, did you object to the standard instruction, and did you ask Judge Viken to instruct the jury that they needed to be unanimous on which particular acts caused which particular injury? I don't believe I did. Okay. So on issue number three, ultimately what I'd like the Court to do is to spend some time in taking a look at the individual jury instructions. One of these charges is assault resulting in substantial bodily injury to a dating partner. We add that in count seven. We have two counts with serious bodily injury, and I think essentially what the concern that Judge Viken noticed was that here we have an incident which is incredibly short in nature. It's on video, and you don't have anything added except for to a dating partner that adds to that. It's the same essential person, the same essential conduct, and you have an individual who ends up with four life sentences for conduct which is fairly similar. Counsel, I do have a chart of the three counts, and it's been outlined here. There's clearly a requirement of proof of an element in each of them that's not required in the other two offenses. How could it be double jeopardy? Well, I think the United States Supreme Court in the cases that I've cited talks about that there's a fundamental issue of fairness, and for some short period of time in Corbin and Dixon, we did overrule the additional element test. My argument is essentially that the Fifth Amendment contains within it a fundamental fairness, and that we've gotten, we tried Corbin and Dixon, and ultimately we found that the Fifth Amendment went back to the Blackburger test, but it doesn't solve the problems as we continue to mill out more additional charges. The example would be what if we added at nighttime to one of these charges? You could essentially have no ending amount of additional elements that you could add without indicting fundamental fairness. And so my argument here is if you look at all of these as a whole, they essentially bring back what Judge Viken noted was there was one single prosecutable act that the defendant was convicted of multiple times based on what I think is some fairly small differences in elements. I'll reserve the rest of my time. On issue number three, what's the result if we agree? One or two fewer life sentences? Perhaps. But additionally, I think if you look at that, the amount of jury confusion that came about as the result of these multiple charges, multiple elements, and multiple, essentially what the jury was being asked to do was look at... You're not focusing on the remedy of your appellate argument. Are you saying that that confusion somehow affects the double jeopardy? The remedy would be to give him a new trial. And what's your best case for that? Just an argument that the Fifth Amendment prohibits you to twice stand in jeopardy for the same thing, and it's fundamentally unfair. A new trial as opposed to eliminating an erroneous part of the sentence. I mean, if you've got three consecutive life sentences and there should only have been one prosecutorial act, you don't get a new trial. Arguably, you might get a remand for resentencing because maybe the judge would take away the third life sentence. Otherwise, it's a no harm, no foul, so to speak. I would argue that the correct approach, and I don't have a case for it, would be because of the fundamental confusion that this created with jurors individually parsing these out. We don't know which individual charge they were really thinking about when they simply convicted him of multiple that appeared to be the same. Well, usually when you've got this multiplicitous convictions, we just kind of strike... You strike two of them and say, yeah, you were convicted on one, and it's really only one crime. And we don't really even do anything. We just say, if the sentences were concurrent and the same, you'd say, yeah, the sentence stands. Now, we have occasionally done what Judge Loken has suggested that, well, we can't really tell based on the sentence whether the sentencing is aggravated as a result of the multiple convictions. So you send it back to the judge with the idea that you can resentence. And just anecdotally, I'll tell you that most of the time the sentences never change. But I don't know that we've ever done the, you get to try this again. Well, the problem is it's not just one additional charge. They all appear, or several of them appear duplicative. And even when you look at the substantial bodily injury, it's confusing to the point that the United States writes their brief on the wrong injury. They're so confused that they're actually writing a brief talking about injuries that don't even apply to that count. And if we're confused as attorneys, then the jury was certainly confused, and that doesn't result in a fair conviction. I had a question on your first argument, and I can't find a section of the brief whether it's answered. You say that the test is corrupt persuasion. Well, corrupt is, of course, a criminal law term. Is corrupt persuasion a jury question? I think the entire sentence that was given to them in the jury instruction, it doesn't just relate to corrupt persuasion. That's the standard. I think I'm quoting your argument. Correct. And is corrupt persuasion a jury issue? Well, I've never been a fan of corrupt persuasion, and I think that you guys have fought with that, too, and I wish we didn't have. It's not counterintuitive, but it's certainly not self-explanatory. I think the element was charged to the jury. It's correct, I think. And, Mr. Rush, I know you're here on behalf of your client under the Criminal Justice Act, and the Court appreciates your assistance. Good morning, Your Honors. May it please the Court and Counsel. I'm Allison Ramsdell, and I'm here on behalf of the United States asking this Court to affirm the district court's denial of defendant's motion for judgment of acquittal. I want to clear up one quick piece of information. Mr. White Plume was not sentenced to three consecutive life sentences. He was sentenced to 480 months. Mr. White Plume was sentenced to three sentences of 480 months, not life. I was wondering if you could address Judge Loken's last question as to whether something as corrupt persuasion is a jury issue. I believe it's a jury issue. In the jury instructions, the jurors are told corrupt persuasion includes consciousness of wrongdoing. And here, there was several pieces of evidence that Mr. White Plume was conscious of what he was doing when he sent Facebook messages to his daughter asking her to contact the victim to drop the charges. We know from the victim's own testimony that she believed that Mr. White Plume wanted her to drop the charges. She says in court when asked what the defendant wanted you to do with the charges, she said drop them. And so Mr. Rush talks about this one count, the first count being sex abuse. Before you go on, was there any discussion of the word corrupt in the instruction conference? Maybe you didn't try the case. I'm not personalizing it, but that might be a word that lawyers would want to explore with the district court whether the jury needed some better idea of what it meant. I was not the prosecutor trying this case, but I have read the transcript. There was no protracted discussion of any jury instruction, and including the witness tampering instruction. I believe, however, that it does include definitions for attempt. It includes a definition for corrupt persuasion, that being the Eighth Circuit's definition of consciousness of wrongdoing. That was in the jury instruction sent back with the jury. That instruction is number 11. There's two components. There's the corrupt with the consciousness of wrongdoing. There's also the intention to intend to influence or modify testimony, which is a corrupt practice as well under both the statute and the law, the case law. Does there need to be a more definite? Corruptly has always been a problem, right? And the reason why we don't get into more specific definitions is because more specific definitions are not usually capable of being arrived at that can be applied to a fact pattern unless you are willing to direct a verdict of guilty, which mostly people don't want. So you end up with this, like we just generally tell them, well, you know, consciousness of wrongdoing is a big piece of it, and if you're trying to influence the testimony, that's a big piece of it, and that's all you ever give them. And there's no discussion about it otherwise. What exactly was anyone to take with the lack of discussion with that issue? Well, I think they had, in terms of the jury, had a chance to hear a series of evidence supporting the idea that Mr. White Plume, through Facebook messages, through phone calls, tried to influence the victim to drop the charges. He never says, tell the truth. He never says, those allegations are false.  And a series of other colorful remarks about the situation he's in as he sits in tribal jail for almost two months awaiting the federal charges. And I just don't recall off the top of my head, are they 480-month consecutive sentences or concurrent? Concurrent. That's what I thought, but I, yeah. I also want to address one of the last remarks Mr. Rush made about everybody being confused about what evidence supported Count 7, which is a substantial bodily injury. The charge was assault resulting in substantial bodily injury to a dating partner. I take issue with the idea that we were confused or that the jury was confused. The indictment in Count 7 charges that on or about between January 1st and January 10th, 2023. So there is not a specific date on that charge. We then hear evidence. We hear the victim talk about the bruises to the outside of her thigh, where she was beaten by the defendant before and after the January 10th incident. That's at Docket 95, page 37, lines 10 through 12. Exhibits 92 and 93, which depict the bruising to her thigh and hip. The case agent testified to the age, the aging of some of those bruises. Defense counsel did not object to him doing so. And so we have that in the record as well, that the bruises to her hip looked like bruises that were less than 24 hours old. And she was interviewed and those photographs were taken on January 11th. As Judge Erickson pointed out, we also have a video recording of these injuries. Exhibit 133 at 8 minutes and 52 seconds shows the defendant repeatedly striking the victim on her right side. And again, Mr. Rush said it was her left side. I watched the video as recently as yesterday afternoon. She is laying on her left side and receiving strikes on her right hip. And then lastly, most compellingly, in my opinion, we have the testimony of the defendant himself. At volume 3 of the transcript, page 125, line 4, he admits, we abused each other. And then when asked at page 129, lines 2 through 4, are you guilty of causing the large, substantial and temporary disfigurement on the victim's right thigh? The defendant responds, part of it. On the last claim that the defendant raises with regard to double jeopardy, I'd first argue that this Court should not even be considering this argument. These claims cannot be raised for the first time on appeal. It should have been raised before trial and that did not happen because it was untimely and because Mr. Rush has not shown good cause for that tardiness. This Court should decline to address that argument. But should you address that argument, the standard is plain error. The defense must demonstrate that the indictment charged multiple offenses that were the same offense in law and in fact. Here, where the same act violates distinct statutory provisions, the test is whether each provision requires proof of a fact that the other does not. Count 2, aggravated sexual abuse by force, requires a showing that the individual caused another to engage in a sexual act, in this case, digital penetration. Count 3, assault resulting in serious bodily injury, requires an assault, not necessarily sexual, and that it result in serious bodily injury. That's the vaginal tear. In Count 9, we have sex abuse and for that we need to prove that the defendant engaged in acts, a sexual act with the victim at a time when she was incapable of appraising the nature and physically incapacitated. She could not decline participation and she could not communicate her willingness to engage in the sexual act. We also had to show the defendant knew she was incapacitated. We recognize, this Court has recognized that the Blockberger test focuses on the statutory elements of the offenses rather than the evidence presented at trial. So I would urge the Court to not give too much time to the idea that we are looking at one or two acts that produced several charges. Instead, we should be looking at the elements of the statute, not the facts that we presented to support convictions under those statutes. I have no other comments. If there are any other questions, I'm happy to take those at this time. All right, I respectfully ask that you affirm the District Court's denial. Thank you. Mr. Rush, I think we understand. I'll give you a minute if you want. I think we understand your positions. Even now, this late in the game, you'll see in my reply brief that the judge in asking which counts apply to what the United States Attorney said, and count 7 is the assault resulting in substantial bodily injury to CLS. That's the assault of punching her. Even when we went to sort through these, there was nothing that specifically designated one from the other. They just appear to be duplicative of nature, and it relies on the arguments of closing counsel. So to argue in the brief that that has something else to do with it, she clearly set out, and that's in my reply brief. You'll see which ones apply to which one. And the jury instruction actually was attempted to use corrupt persuasion against CLS, an even more confusing standard. I had the previous case, I think, regarding corrupt persuasion. And I think we're back here again, and it's time to do something with corrupt persuasion. Thank you.